# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 24, 2025

```
* * * * * * * * * * * * *    *
JENNIFER NOONE,               *      UNPUBLISHED
                             *
            Petitioner,       *      No. 22-1772V
                             *
v.                           *      Special Master Nora Beth Dorsey
                             *
SECRETARY OF HEALTH           *      Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,           *
                             *
            Respondent.       *
                             *
* * * * * * * * * * * * *    *
```

Joseph Alexander Vuckovich, mctlaw, Washington, DC, for Petitioner.
Mary Eileen Holmes, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 5, 2022, Jennifer Noone ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that she developed "acute-onset peripheral neuropathy/mild sensory [Guillain-Barré Syndrome ('GBS')] variant" following the administration of a an influenza ("flu") vaccination on October 2, 2020. Petition at 2, 4 (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On January 29, 2025, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys who worked on her case. Petitioner's Motion for Interim Payment of Petitioner's Attorney's Fees and Reimbursement of Case Costs ("Pet. Mot."), filed Jan. 29, 2025 (ECF No. 48). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $110,460.00
**Attorneys' Costs** – $17,457.16

Petitioner thus requests a total of $127,917.16. Respondent filed his response on February 12, 2025, stating that he "defers to the [S]pecial [M]aster to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award . . . and the statutory requirements for an award of attorney's fees and costs." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Feb. 12, 2025, at 2 (ECF No. 50). Petitioner filed a reply on February 20, 2025, reiterating the request for fees and costs. Pet. Reply to Resp. Response, filed Feb. 20, 2025 (ECF No. 51).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$126,195.66** in attorneys' fees and costs.

## I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant fees to be paid.

### A.   Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3

F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing the Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

### 1.    Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Altom Maglio, $420.00 per hour for work performed in 2020 and $445.00 per hour for work performed in 2021; and for Mr. Joseph Vuckovich, $370.00 per hour for work performed in 2021, $385.00 per hour for work performed in 2022, $415.00 per hour for work performed in 2023, $445.00 per hour for work performed in 2024, and $490.00 per hour for work performed in 2025.  Petitioner also requests rates between $155.00 and $205.00 per hour for work of her counsel's paralegals from 2020 to 2025.

The undersigned finds that these requested rates are reasonable and in accordance with what has previously been awarded for their Vaccine Program work.  See, e.g., Johnson v. Sec'y of Health & Hum. Servs., No. 21-2085V, 2024 WL 4235767, at *1 (Fed. Cl. Spec. Mstr. Aug. 9, 2024) (awarding the requested rates for Mr. Maglio); Zeisler v. Sec'y of Health & Hum. Servs., No. 21-1184V, 2024 WL 4044005, at *2 (Fed. Cl. Spec. Mstr. May 22, 2024) (same); Gurney ex rel. Gurney v. Sec'y of Health & Hum. Servs., No. 18-29V, 2024 WL 4503210, at *2 (Fed. Cl. Spec. Mstr. Aug. 20, 2024) (awarding Mr. Vuckovich's requested rates for 2021-2024); Humbert v. Sec'y of Health & Hum. Servs., No. 17-360V, 2025 WL 1513373, at *2 (Fed. Cl. Spec. Mstr. Apr. 22, 2025) (same); Gootee v. Sec'y of Health & Hum. Servs., No. 22-0827V, 2025 WL 2058024, at *2 (Fed. Cl. Spec. Mstr. June 18, 2025) (awarding Mr. Vuckovich's 2025 requested rate).  Thus, the undersigned will award the rates requested.

### 2.    Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time

billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989).  Petitioner bears the burden of documenting the fees and costs claimed.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable.  The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness.  A reduction, however, is necessary due to paralegals billing for preparing documents for filing, which is a non-compensable, administrative task.

It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted.  See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them.").  The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus noncompensable.  See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same).

Upon review, there appears to be 70 instances where paralegals Ms. Kimberly Dutra and Ms. Elena Siamas billed for "prepare [] for filing" or "prepare exhibit [] for filing."  Pet. Exhibit ("Ex.") 66 at 3-58 (billing entries from January 20, 2021 to January 27, 2025).  Because most of these entries constitute block billing, it is impossible to discern how much time was spent on non-compensable versus compensable tasks.

"It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable."  Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)); see also Broekelschen, 102 Fed. Cl. at 729.

The undersigned finds a 10% reduction of the total paralegal fees billed from 2021 to 2025 by Ms. Dutra ($3,820.00) and Ms. Siamas ($13,095.00) reasonable and appropriate.  This results in a reduction of $1,691.50.[3]

### B.    Attorneys' Costs

Petitioner also requests $17,457.16 for miscellaneous costs, including the filing fee, medical records, and postage, and expert services rendered by Dr. K. H. Vincent Lau.  Pet. Ex. 67.

---

[3] ($3,820.00 + $13,095.00) x 0.10 = $1,691.50.

The undersigned finds Petitioner has provided adequate documentation supporting most of these costs. A small reduction is necessary for lack of documentation supporting a $30.00 charge on April 19, 2022 for "Payment for additional medical records from Atlantic Health System."[4] Pet. Ex. 67 at 2.

Dr. Lau's hourly rate has not previously been awarded in the Program. The undersigned will award the requested rate of $500.00 per hour in this case based on the qualifications of Dr. Lau as a well-credentialled member of his field. The undersigned notes that other special masters have determined this rate appropriate for other well-qualified neurologists. See, e.g., Rodriguez v. Sec'y of Health & Hum. Servs., No. 19-729V, 2022 WL 16584904, at *6 (Fed. Cl. Spec. Mstr. Sept. 22, 2022) (awarding $500.00 hourly rate for a neurologist); Lewis v. Sec'y of Health & Hum. Servs., 149 Fed. Cl. 308, 317 (2020) (finding that special masters typically award $450.00 to $500.00 for neurologists). As a result, the undersigned finds this rate reasonable and will award his requested amount in full.

## II.    CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $110,460.00 |
| Reduction of Attorneys' Fees: | - $1,691.50 |
| Awarded Attorneys' Fees: | $108,768.50 |
| | |
| Requested Attorneys' Costs: | $17,457.16 |
| Reduction of Attorneys' Costs: | - $30.00 |
| Awarded Attorneys' Costs: | $17,427.16 |
| | |
| **Total Attorneys' Fees and Costs:** | **$126,195.66** |

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the amount of $126,195.66 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

---

[4] This entry may have been an error by counsel as there is another charge for the same task ("Payment for medical records to be received from Atlantic Health System") on the same day (April 19, 2022). See Pet. Ex. 67 at 2, 38.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/ Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master